IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Joseph Sampson, #261610, <br><br> Plaintiff, <br> vs. <br><br> Bob Fitzsimon, Office of the Public Defender, Sixth Judicial Circuit, <br><br> Defendant. | Civil Action No. 0:17-cv-1699-CMC <br><br> **OPINION AND ORDER** |

This matter is before the court on Plaintiff's Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings. On July 31, 2017, the Magistrate Judge issued a Report recommending this matter be summarily dismissed without prejudice, and without issuance and service of process. ECF No. 9. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff did not file objections and the time for doing so has passed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation the Complaint be dismissed. As noted by the Magistrate Judge, defamation and slander claims are not actionable under § 1983 and further, there is no diversity jurisdiction in this case for state law tort actions. Plaintiff could bring those claims in state court if he so wishes. Further, this court notes Defendant is not amenable to suit under § 1983 as he is not a state actor. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional function as counsel to a defendant in a criminal proceeding."); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (holding the state appointed counsel cannot be liable under § 1983 "for want of state action"). Further, it does not appear Plaintiff would be able to amend his Complaint to allege any facts that would allow him to sue this Defendant in federal court.

Accordingly, the court adopts the Report by reference in this Order. Plaintiff's Complaint is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
October 23, 2017